UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Claudia Pinnock<br><br>         Plaintiff,<br><br>v.<br><br>Asset Acceptance, LLC<br><br>         Defendant. | Case No.<br><br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

### PARTIES

1. Plaintiff, Claudia Pinnock, ("Claudia"), is a natural person who resided in Hollywood, Florida, at all times relevant to this action.

2. Defendant, Asset Acceptance, LLC, ("AA"), is a Delaware Limited Liability Company that maintained its principal place of business in Warren, Michigan, at all times relevant to this action.

### JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act, U.S.C. §1367(a).

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because Defendant resides in this judicial district.

## STATEMENT OF FACTS

5. AA uses a predictive dialer system.

6. Before AA began contacting Claudia, it and Claudia had no prior business relationship and Claudia had never provided express consent to AA to be contacted on her cellular telephone.

7. AA regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of AA's revenue is debt collection.

9. AA is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. As described, *infra*, AA contacted Claudia to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

12. AA is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On several occasions, the dates of which will be discovered through discovery, AA willingly and knowingly used an automatic telephone dialing system to call Claudia on her cellular phone multiple times in violation of the TCPA. See *Mais v. Gulf Coast Collection Bureau, Inc.*, 2013 U.S. Dist. LEXIS 65603, *10 (S.D. Fla. 2013); See also *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265 (3rd Cir. 2013).

14. Around February 2014, AA contacted Claudia on Claudia's cellular phone in connection with the collection of the debt.

15. On at least one occasion, AA contacted Claudia on Claudia's cellular phone multiple times a day.

16. Around February 2014, Claudia requested AA cease further calls to Claudia.

17. Despite this request, AA contacted Claudia on Claudia's cellular phone in connection with the collection of the debt on more than one occasion, most recently around March 2014.

18. On more than one occasion, Claudia requested AA cease further calls to Claudia.

19. AA attempted to collect a debt from Claudia.

20. AA violated the FDCPA and TCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT FOUR

### Violations of the Telephone Consumer Protection Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using both an automatic telephone dialing system without Plaintiff's prior express consent.

## JURY DEMAND

29. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

30. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

    c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

    d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC LPA

By:   /s/ Jeffrey S. Hyslip
One of Plaintiff's Attorneys

Date: June 25, 2014

Jeffrey S. Hyslip, Esq.
917 W. 18th St., Suite 200
Chicago, IL  60608
312-380-6110
jeffrey@lifetimedebtsolutions.com